**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DONNA CHURA, ET AL.,** | ) | **CASE NO.1:08CV2386** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **OLD REPUBLIC NATIONAL TITLE INSURANCE CO., ET AL.,** | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

### CHRISTOPHER A. BOYKO, J:

This matter is before the Court on the Motion of Plaintiffs to Remand this action pursuant to 28 U.S.C. §1447. For the following reasons, the Court finds movants lack standing to challenge the removal, however, this Court lacks jurisdiction to hear the claims and, on its own authority, remands this action to the Cuyahoga County Court of Common Pleas.

### Procedural History

In 2002, Plaintiffs Donna and Robert Chura filed their Class Action Complaint in Cuyahoga County Common Pleas Court, Case No. 02-489480, (the Chura case), alleging Defendant Old Republic National Title Insurance Company failed to provide them a credit for

1

title insurance purchased when they refinanced their mortgage.  On November 29, 2007, Frank and Maureen Mitch filed a Motion for Leave of Court to Intervene or, Alternatively, to be Substituted or Join in the Captioned Case.  Attached to their Motion as an exhibit was their proposed Class Action Complaint of Intervenors.  On September 9, 2008, the Court of Common Pleas granted Intervenor's Motion for Leave of Court to Intervene.  The Cuyahoga County Court of Common Pleas docket does not contain an entry evidencing the Intervenor's Complaint was ever filed in the 02-489480 case.  However, on September 23, 2008, the Court of Common Pleas docketed a Class Action Complaint of Intervenors under a new case number, 08-671320, containing the same parties-i.e. *Donna and Robert Chura v. Old Republic National Title Insurance Company*- and listing Frank and Maureen Mitch as Intervenors.  The Class Action Complaint was filed with the 02-489480 case number caption and contained the name of the judge presiding over the 02-489480 case.  However, the Complaint was filed via mail and contained a check for $100.00, which the Clerk of Court's office treated as a new action.  On September 25, 2008, Defendant Old Republic removed Case Number 08-671320 to this Court alleging it was proper under the Class Action Fairness Act.  On October 8, 2008, Defendant removed Case Number 02-489480 to this Court.  On October 24, 2008, Intervening Plaintiffs filed a Motion to Remand Case 08-671320 to state court and on October 29, 2008, Intervening Plaintiffs filed a Motion to Remand Case Number 02-489480 to state court.  The Motions are fully briefed and ripe for ruling.

**STANDARD OF REVIEW**

28 U.S.C. §1441 "provides that an action is removable only if it could have initially been brought in federal court."  *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307

2

(E.D.Ky. 1990). The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). Removal jurisdiction is based on the allegations in the Complaint at the time of removal. *See, e.g., Rogers v. Wal-Mart Stores, Inc.*, 230 F. 3d 868, 871 (6th Cir. 2000). Courts should resolve "all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non- removing party." *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999), quoting *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 949 (6th Cir. 1994). "All doubts as to the propriety of removal are resolved in favor of remand." *Id.* The court must review the complaint as it existed at the time the petition for removal was filed, and all doubts must be resolved against removal. *Ahearn v. Charter Township of Bloomfield*, 100 F. 3d 451, 453 (6th Cir. 1996); *Her Majesty The Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). "Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. American Airlines, Inc*., 264 F.Supp. 514, 515 (E.D.Ky. 1967); *see also Breymann v. Pennsylvania*, O. & D. R.R., 38 F.2d 209, 212 (6th Cir. 1930). Pursuant to 28 U.S.C. §1447(c), cases originally filed in state court must be remanded if, at any time before trial, it appears that the federal court to which they were removed lacks subject matter jurisdiction. *Curry v. U.S. Bulk Transport, Inc.,* 462 F.3d 536, 541 (6th Cir. 2006). District courts can *sua sponte* dismiss a complaint at any stage of the proceeding if jurisdiction is lacking. *In re Lewis v. Boyd,* 398 F.3d 735, 739 (6th Cir.2005). ( "The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." ).

## **ANALYSIS**

Defendant removed this case because "on September 9, 2008, that court granted a Motion to Intervene with a draft Complaint attached that included new parties and new claims, which constitute a new action." (Defendant's Notice of Removal of Civil Action, pg. 2).  Ohio Civil Rules of Procedure Rule 3 states in pertinent part:

> A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant...

There is no evidence that the Intervenor's Complaint was ever filed in case number 02-489480; therefore, under Ohio rules, no new action has commenced under the 2002 case. Defendant recognized this problem in its Response to Motion for Remand Filed by Frank and Maureen Mitch.  Defendant states, "In an abundance of caution, Old Republic has filed a notice of removal in the *Chura* case." (Defendant's Response pg. 2).  Defendant further states, "However, it is clear is (sic) that the Mitches have not intervened and are not parties to the *Chura* case.  Accordingly, Old Republic acknowledges that this Court may remand the *Chura* case and retain jurisdiction in the *Mitch* case, as the Mitches ultimately did not intervene in the *Chura* case." (Defendant's Response pg. 5).

The Court agrees that the Court of Common Pleas docket does not reflect the intervention of the Mitches in the *Chura* case.  Because there is no Intervenor's Complaint filed in the *Chura* case, the Mitches lack standing to challenge the removal of the *Chura* case.  However, because this Court has the authority to determine its jurisdiction over the removal *sua sponte*, the Court finds no new action has commenced in the *Chura* case and, pursuant to its inherent authority supported by Defendant's own admission, the Court finds it lacks jurisdiction over state court Case 02-489480; therefore, the Court remands it back to the Cuyahoga County Court of

Common Pleas for adjudication.

       IT IS SO ORDERED.

                                            <u>S/Christopher A. Boyko</u>
                                            CHRISTOPHER A. BOYKO
                                            United States District Judge

February 10, 2009